UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES W. WIIDEMAN and THOMAS
BOYER,

    Plaintiffs,

v.

DAIMLERCHRYSLER CORPORATION,
DAIMLERCHRYSLER CORPORATION
PENSION PLAN, and DAIMLERCHRYSLER
CORPORATION PENSION COMMITTEE,

    Defendants.
                                  /

Case No. 03-70371

Honorable John Corbett O'Meara

## ORDER DENYING WITHOUT PREJUDICE
## DEFENDANTS' AUGUST 10, 2005 MOTION TO DISMISS

This matter came before the court on Defendants' August 10, 2005 motion to dismiss. Plaintiffs filed a response August 29, 2005; and Defendants filed a reply September 8, 2005. Oral argument was heard October 27, 2005.

### BACKGROUND FACTS

Motions in this case have come before the court and have been ruled on previously; therefore, the court will not reiterate the facts leading to this litigation. The only remaining claim is Count I, which alleges interference with pension rights under ERISA § 510; 29 U.S.C. § 1140. Defendants argue that the damages sought by Plaintiffs are the same Special Early Retirement Benefits they were also seeking in Count III. Defendants contend that "[t]he law, as it has evolved under ERISA, makes it clear that a § 510 claim cannot be brought by Plaintiffs if they are seeking money damages." Defendants' br. at 1.

### LAW AND ANALYSIS

"Congress intended § 502(a) to be the exclusive remedy for rights guaranteed under ERISA, including those provided by § 510." Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 144 (1990). Pursuant to § 502(a)(3), a civil action may be brought "by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice with violates any provision of this title or the terms of the plan, or (B) to obtain other appropriate equitable relief (I) to redress such violations or (ii) to enforce any provisions of this title or the terms of the plan . . . ."

The issue is whether the damages Plaintiffs are seeking in Count I are equitable or legal in nature. Defendants argue that Great-West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204 (2002), precludes any award of monetary damages under § 502(a)(3). However, the Court did not go quite that far, as it cited with approval Reich v. Continental Casualty Co., 33 F.3d 754, 756 (7th Cir. 1994), in which the Seventh Circuit held, "restitution is a legal remedy when ordered in a case at law and an equitable remedy . . . when ordered in an equity case," and whether it is legal or equitable depends on "the basis for [the plaintiff's] claim" and the nature of the underlying remedies sought. Great-West, 534 U.S. at 213. Although the Court found that the restitution sought in Great-West was legal in nature, it did not proscribe money damages in every situation. Furthermore, the decision in Great-West was limited to an insurance company's attempt to enforce the reimbursement provisions of a health insurance plan against the proceeds of a participant's tort claim settlement.

In this case Plaintiffs allege in Count I that Defendants interfered with their agreement to obtain the same deal Bob Russell, another employee, had secured in order to get early retirement benefits. The Court explained that "[t]hose rare cases in which a court of equity would decree specific performance of a contract to transfer funds were suits that, unlike the present case, sought to prevent future losses that either were incalculable or would be greater than the sum awarded."

In this case the court may find this to be one of those rare cases, as Plaintiffs seek to prevent future losses that are incalculable–the benefits of early retirement that are not strictly monetary in nature.

Because this is a motion to dismiss rather than a motion for summary judgment, the court will deny without prejudice Defendants' motion to dismiss and allow the parties the opportunity for discovery on the limited issue involving Defendants' alleged interference with pension rights.

## ORDER

It is hereby **ORDERED** that Defendants' August 10, 2005 motion to dismiss is **DENIED WITHOUT PREJUDICE.**


s/John Corbett O'Meara
John Corbett O'Meara
United States District Judge


Dated: November 14, 2005