UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES W. WIIDEMAN and THOMAS
BOYER,

      Plaintiffs,

v.

DAIMLERCHRYSLER CORPORATION,
DAIMLERCHRYSLER CORPORATION
PENSION PLAN, and DAIMLERCHRYSLER
CORPORATION PENSION COMMITTEE,

      Defendants.
_____/

Case No. 03-70371

Honorable John Corbett O'Meara

## OPINION AND ORDER DENYING
## DEFENDANTS' JULY 7, 2006 MOTION FOR SUMMARY JUDGMENT

This matter came before the court on Defendants' July 7, 2006 motion for summary judgment. Plaintiffs filed a response July 31, 2006; and Defendants filed a reply August 14, 2006. Oral argument was heard August 31, 2006.

The only remaining claim in this suit is Count I, which alleges interference with pension rights under ERISA § 510; 29 U.S.C. § 1140. A year ago Defendants filed a motion to dismiss the claim, and the court denied that motion without prejudice to give the parties an opportunity for additional discovery on the issue of interference. Discovery closed June 30, 2006; and Defendants subsequently filed this motion for summary judgment.

The evidence Plaintiffs have presented to show that Defendants interfered with their opportunity to obtain Special Early Retirement Benefits ("SERBs") consists of the following:

- Plaintiff Thomas Boyer's deposition testimony that Chief Pilot Bob Russell, Plaintiffs' supervisor, told him that Pentastar "was not allowed to make you a contract offer because Chrysler would not allow it." Boyer dep. at 55-56.

- Plaintiff Charles Wiideman's deposition testimony that Tom Nally, the acting president of DC Aviation, confirmed that his boss Gary Valade "can't give [Plaintiffs] the Special Early Retirement because if he gives it to us, he is going to have to give it to a company that they are selling down in Ohio." Wiideman dep. at 42.

- The affidavit of Clifford Schmidt, DCA's director of flight operations, which states that he was told that Boyer and Wiideman would be given offers that would not disqualify them from receipt of SERBs. Plaintiffs' Ex. A.

- An early draft of the purchase agreement between DC and Pentastar that included Boyer and Wiideman along with others as those who were to receive SERBs. Plaintiffs' Ex. B.

Defendants argue that the deposition testimony of both plaintiffs is inadmissible hearsay, and as such, cannot be considered in deciding a motion for summary judgment. See Jacklyn v. Schering-Plough Healthcare Prod. Sales Corp., 176 F.3d 921, 927 (6th Cir. 1999). However, the court will not determine the admissibility of evidence at this juncture. Moreover, just as the court found in Jacklyn, the hearsay, though inadmissible to prove the truth of the matter asserted, may be admissible to show Defendants' state of mind. Therefore, for purposes of this summary judgment motion, Plaintiffs have presented sufficient evidence to rebut Defendants' motion for summary judgment.

Defendants also argue that the money damages Plaintiffs seek in Count I are not viable claims under § 510 of ERISA, citing Great-West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204, 209

(2002). Section 510 provides, "It shall be unlawful for any person . . . to discriminate against a participant . . . for the purpose of interfering with the attainment of any right to which such participant may become entitled under the Plan." Violations of § 510 may be redressed by a participant through § 502(a)(3). The Court of Appeals for the Sixth Circuit has determined that courts have the authority to redress violations of § 510 through an award of monetary damages in the form of restitution through § 502(a)(3), a catchall provision that authorizes "appropriate equitable relief."

In Schwartz v. Gregori, 45 F.3d 1017 (6th Cir. 1995), the Sixth Circuit found that restitution from the employer who funds a pension plan is "appropriate equitable relief" because it restores the plaintiff to the position he or she would have been in if the interference had not occurred. Thus, the court found that the Schwartz plaintiffs were entitled to back pay.

Although Great West is a more recent case from the United States Supreme Court, it is not a § 510 case. Therefore, Schwarz is more on point. The court finds that Plaintiffs may be entitled to the equitable remedy of restitution, which in this case would put them in the position they would have been in without Defendants' alleged interference.

**ORDER**

It is hereby **ORDERED** that Defendants' July 7, 2006 motion for summary judgment is **DENIED.**

It is further **ORDERED** that the Joint Final Pretrial Order is due October 25, 2006; the final pretrial conference will be held November 1, 2006, at 1:30 p.m.; and the trial date is November 14, 2006.

                                      s/John Corbett O'Meara
                                      United States District Court

Dated: October 03, 2006

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, October 3, 2006, by electronic and/or ordinary mail.

                                                  s/William Barkholz
                                                  Case Manager